*Formatted for Electronic Distribution*                  *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

**In re:**
    Scott Smith,                 Case No. 24-10221
                               Chapter 13
         Debtor.

*Filed & Entered On Docket 02/27/2026*

*Appearances:*

| | |
|---|---|
| Todd Taylor, Esq. | Ryan M. Long, Esq. |
| Law Offices of Todd Taylor, PC | Primmer, Piper, Eggleston & Cramer PC |
| Burlington, Vermont | Burlington, Vermont |
| For Debtor | For Chavonnes Badenhorst St. Clair Cooper |
| | Liquidator of Mirror Trading International |

*Andrea Celli, Esq.*
*Albany, New York*
*Chapter 13 Trustee*

### MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO AMEND DISMISSAL (DOCS. 90 AND 91) AND RESOLVE MOTION TO RECONSIDER

This Matter comes before the Court on a Stipulated Motion to Amend Dismissal and Resolve Motion to Reconsider between Chavonnes, appointed liquidator of the Bankruptcy Estate of Mirror Trading International Ltd. and Debtor Scott Smith.[1]

On December 15, 2025, Debtor moved pursuant to § 1307(b) to dismiss his chapter 13 case, which the Court granted. On December 29, 2025, Liquidator filed a Motion to Reconsider the Dismissal Order, seeking the Court's amendment of its dismissal order to:

1. Include a provision restricting Debtor's ability to file a subsequent bankruptcy case;
2. Issue any other orders that may be necessary;
3. Retain jurisdiction over a 2004 Order; and
4. Schedule an evidentiary hearing, if necessary.

Debtor opposed reconsideration. The Court held a hearing on January 13, 2026 to consider arguments and

---

[1] ECF 98. All statutory references, unless otherwise indicated, refer to Chapter 11 of the United States Code (the Bankruptcy Code or the Code).

1

seek clarification of the relief requested at which all counsel appeared and participated. At the January 13, 2026, hearing, the Court set a schedule for supplemental briefing.

Rather than submit supplemental briefing, Liquidator and Debtor filed a Stipulated Motion to Amend Dismissal and Resolve Motion to Reconsider (the Stipulated Motion). The Stipulated Motion purports to resolve the issues raised in the Motion to Reconsider. Liquidator and Debtor (collectively, the Parties) have agreed to certain limitations to be included in a proposed amended dismissal order, including:

   a. Debtor shall be barred from filing a Chapter 13 case in the District of Vermont for a period of no less than 365 days from the entry of an order dismissing this case with prejudice to such filing;

   b. Debtor shall preserve all documents and communications relevant to the adversary proceeding against Debtor pending in the Southern District of Florida captioned *Chavonnes Badenhorst St. Clair Cooper v. Scott Smith,* Adv. Pro. No. 24-01122 (PDR) related to the Chapter 15 case captioned *In re: Mirror Trading International (PTY) Ltd.,* Case No. 23-11046- PDR;[2] and

   c. Upon approval of this compromise and entry of an amended order dismissing with prejudice, Movant withdraws any request for this Court to retain jurisdiction over the Court's Rule 2004 Order [ECF 34].

For the reasons set forth below, the Court grants the Stipulated Motion to Amend this Court's Dismissal Order in part, and denies the relief requested in part.

## JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court declares this contested matter to be a core proceeding according to 28 U.S.C. § 157(b)(2)(A), over which this Court has constitutional authority to enter a final judgment.

## BACKGROUND

Debtor commenced his bankruptcy case on October 29, 2024,[3] on the heels of being named as a defendant in a separate adversary proceeding commenced in a Florida Chapter 15 by Chavonnes Badenhorst St. Clair Cooper (Liquidator), appointed liquidator of the Bankruptcy Estate of Mirror Trading International (PTY) Ltd. (MTI). Debtor invested in MTI which was placed into liquidation by the Western Cape High Court in South Africa, which appointed Liquidator to recover funds, particularly bitcoin, for the benefit of

---

[2] This relief may be characterized as a "litigation hold" which would be available in the pending adversary proceeding in any event. *See* Fed. R. Bankr. P. 7037.

[3] ECF 1.

the creditors of the estate of MTI. Liquidator has filed various actions against individuals and entities around the world who invested in MTI and has commenced a Chapter 15 in the Bankruptcy Court for the Southern District of Florida (Case No. 23-11046-PDR) (Florida Chapter 15). The Southern District of Florida entered an order recognizing the South African proceeding.

Within the context of Debtor's bankruptcy case, Liquidator filed a Motion for a Rule 2004 Examination, which included third party subpoenas.[4] The Court granted Liquidator's 2004 Motion,[5] and the Parties engaged in discovery. At various times, the Liquidator requested additional time to file a proof of claim based upon the discovery process and additional information sought by the Liquidator.[6] On November 12, 2025, Liquidator filed a Motion to Enforce and Compel the Court's Rule 2004 Order (the Motion to Compel). In the Motion to Compel, Liquidator alleges it "appears", and Liquidator "suspects" Debtor withholds information sought or deleted emails, which Debtor disputes, as acknowledged by Liquidator.[7] Debtor filed an opposition to the Motion to Compel, and various pleadings were submitted to the Court in connection with the Motion to Compel.

The Motion to Compel was filed nearly a week before Debtor's continued confirmation hearing. Based upon the allegations made in the Motion to Compel and the need for Debtor's bankruptcy case to move forward, the Court scheduled an evidentiary hearing on the Motion to Compel. The day before the evidentiary hearing was scheduled, Debtor filed a Motion for Entry of Dismissal pursuant to § 1307(b).

The Court, having no discretion to deny Debtor's Motion for Entry of Dismissal, dismissed Debtor's bankruptcy case.[8] Liquidator then filed a Motion to Reconsider Order Dismissing Case Without Prejudice.[9] After a hearing on the Motion to Reconsider, the Parties submitted the Stipulated Motion.

The Stipulated Motion, insofar as it seeks an amendment to the Order of Dismissal, is subject to this Court's approval. Based upon the record in this case, the Court declines to enter the Amended Order of Dismissal as submitted and proposed by the Parties.

## APPLICABLE STANDARDS

This Court must exercise independent judicial scrutiny in determining whether the Amended Order

---

[4] ECF 68.

[5] ECF 70.

[6] ECF 29; ECF 45; ECF 53; ECF 58; ECF 73.

[7] ECF 78, ¶ 26.

[8] ECF 90. *See also In re Barbieri*, 199 F.3d 616, 619 (2d Cir. 1999).

[9] ECF 94.

3

of Dismissal stipulated to by the Parties should be entered by the Court.[10] It is insufficient that the Parties consent to this Court entering an amended order. The Court declines to adopt the findings in the Parties' stipulation. Moreover, this Court cannot approve a settlement that violates substantive provisions of the Code or undermine its fundamental requirements.[11]

## DISCUSSION

Section 1307(b) provides in relevant part: "On request of the debtor, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under [Chapter 13]." This section is regarded to confer upon a chapter 13 debtor an absolute right to dismiss, subject to the single exception noted expressly in the statute itself where a debtor has already exercised his right to convert the case to chapter 13 from chapters 7, 11, or 12.[12] Under the majority view, in which the Second Circuit squarely fits, this absolute right to dismiss is not subject to an implied condition of good faith and cannot be denied because of a pending motion.[13]

Section 349 of the Code governs the dismissal of a case. In general, the dismissal of a case prior to discharge is without prejudice. The plain language of § 349(a) specifies, "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except has provided in section 109(g) of this title." Section 109(g) bars refiling for 180 days after "willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case," or in the event Debtor dismisses his case in response to a motion for relief from the automatic stay, which does not apply here. This Court has the discretion, when there is cause, to deny Debtor the benefit of the general rule.

The Parties have stipulated to a Motion to Amend Dismissal. The agreed upon terms include dismissal with prejudice which prohibits Debtor from filing another Chapter 13 petition in this district for 365 days. The stipulated amount of time is twice as long as provided under § 109(g) and what was originally sought in Liquidator's Motion to Reconsider.

---

[10] *In re Residential Capital, LLC,* 497 B.R. 720, 750 (Bankr. S.D.N.Y. 2013).

[11] *In re Rosenberg,* 495 B.R. 196, 201 (Bankr. E.D.N.Y. 2010); *In re Ionosphere Clubs, Inc.,* 208 B.R. 812 (S.D.N.Y. 1997).

[12] *Barbieri*, 199 F.3d at 619.

[13] *Id*.

4

The Court may impose a bar on refiling greater than 180 days, but only on a showing of cause.[14] Cause to impose a longer bar against refiling requires egregious misconduct by the Debtor.[15] A review of caselaw finding cause under § 349(a) demonstrates the importance of egregiousness.[16] In the Motion to Reconsider, Liquidator claims cause has been demonstrated because Debtor commenced this case "not in good faith" to frustrate the pending Florida Adversary Proceeding. The Court rejects this argument. This Court has long recognized that a debtor filing for bankruptcy protection solely to avoid the large debt of a single creditor or to frustrate that creditor's collection efforts, standing alone, does not constitute a lack of good faith.[17] Liquidator also posits that Debtor's alleged failure to comply with the Court's Order granting Liquidator's 2004 Motion constitutes cause for purposes of § 349(a). Liquidator has not provided, and the Court has not found any authority to support this position. The Court declines to impose a bar greater than 180 days to subsequent filings as a discovery sanction.[18]

Rule 2004 is case-specific.[19] The purpose of the examination is to enable the trustee or parties in interest to discover the nature and extent of the bankruptcy estate,"[20] but the estate in this case ceased to exist when the case was dismissed.[21] Even if Rule 2004 were not case specific, the dismissal of this case leads the Parties to return to the pending Florida Adversary Proceeding, where Rule 2004 is expressly unavailable. "It is well recognized that once an adversary proceeding or contested matter has been

---

[14] § 349(a); *In re Casse*, 198 F.3d 327, 340 (2d Cir. 1999).

[15] *In re Leavitt*, 209 B.R. 935, 939 (9th Cir. 1997) (finding "egregious" conduct must be present to find cause under § 349(a). *See also In re Merrill*, 192 B.R. 245, 253 (Bankr. D. Colo. 1995) (a bar against refiling is the "capital punishment of bankruptcy"); *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997) (a longer bar against refiling is "a severe sanction warranted only by egregious misconduct"); *In re Javarone*, 181 B.R. 151, 155 (Bankr. N.D.N.Y. 1995) (a bar against refiling is "draconian relief reserved for circumstances where there is a clear record of 'delay and contumacious conduct' by the debtor") (quoting *Durham v. Florida East Coast R. Co.,* 385 F.2d 366, 368 (5th Cir. 1967)).

[16] *See In re Cashion Family Trust*, 2025 WL 4099338 (9th Cir. BAP 2025) (affirming a finding of cause after Debtor filed three bankruptcy petitions to obtain control of assets at issue in a state court proceeding); *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999) (affirming a finding of cause after Debtor concealed assets and inflated expenses); *In re Bell*, 125 F. App'x 54 (7th Cir. 2005) (affirming a finding of cause after Debtor filed ten petitions and declared their intent to file another); *In re Class A Properties Five, LLC*, 600 B.R. 27 (Bankr. N.D. Ill. 2019) (finding cause because Debtor filed a petition while unable to propose a feasible plan, made little to no attempt to prosecute his case, and filed solely to benefit from the automatic stay); *In re Watkins*, 2023 WL 7448745 (9th Cir. BAP 2023) (affirming a finding of cause after debtor failed to prosecute the seventh case he filed within eleven years); *In re Martin-Trigona*, 35 B.R. 596 (Bankr. S.D.N.Y. 1983) (finding cause after Debtor was uncooperative and belligerent in his § 341 meeting, responding to questions with a furious tirade and bigoted remarks).

[17] *In re Gutierrez,* 528 B.R. 1, 15 (Bankr. Vt. 2014).

[18] *See* § 109(g).

[19] *See* Fed. R. Bankr. P. 2004(b).

[20] *In re Correra*, 589 B.R. 76, 109 (Bankr. N.D. Tex. 2018).

[21] § 349(b)(3).

5

commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et seq.*, rather than by a Rule 2004 examination."[22]

The facts and circumstances of this case do not support a finding of cause under § 349 to support a year-long filing bar as proposed by the Parties and runs counter to the substantive provisions of the Code. At best, Liquidator's arguments in the Motion to Reconsider may support a 180-day bar under § 109(g)(1) based upon his position that Debtor failed to comply with this Court's Order Approving Rule 2004 Motion to Examine Debtor and for Authority to Issue Subpoenas for Production of Documents.[23] Accordingly, the Court will approve a 180-day bar and amend its Order of Dismissal accordingly. To the extent the Parties' stipulation contemplates the resolution of Liquidator's request for this Court to retain jurisdiction over its Order Granting Liquidator's 2004 Motion, the Court denies this request as moot.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Stipulated Motion to Amend Dismissal and Resolve Motion to Reconsider between Chavonnes, appointed liquidator of the Bankruptcy Estate of Mirror Trading International Ltd. and Debtor Scott Smith as follows:

1. The Court GRANTS the Parties' request for this Court to vacate its prior Order of Dismissal and enter an Amended Order of Dismissal.

2. The Court GRANTS the Parties' proposed Amendments as follows:

   a. Debtor's bankruptcy case shall be dismissed with prejudice to refiling for 180 days from the date of the amended dismissal order; and

   b. Debtor shall preserve all documents and communications relevant to the adversary proceeding against Debtor pending in the Southern District of Florida captioned *Chavonnes Badenhorst St. Clair Cooper v. Scott Smith,* Adv. Pro. No. 24-01122 (PDR) related to the Chapter 15 case captioned *In re: Mirror Trading International (PTY) Ltd.,* Case No. 23-11046- PDR.

---

[22] *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

[23] The Court makes no finding as to whether Debtor did not comply with the Order Approving Rule 2004 Motion to Examine Debtor and for Authority to Issue Subpoenas for Production of Documents [ECF 36].

6

3. The Court DENIES the Parties' Amendments to the extent that they seek dismissal with prejudice to refiling for 365 days from the date of the amended dismissal order.

4. The Court DENIES Liquidator's request for the Court to retain jurisdiction over its Order Granting Liquidator's 2004 Motion as MOOT.

This constitutes the Court's findings of fact and conclusions of law. A separate order shall issue.

February 27, 2026
Burlington, Vermont

                                          _/s/ Heather Z. Cooper_____
Heather Z. Cooper
United States Bankruptcy Judge